UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00089-R

ROSEMARY RYAN                                                                                    Plaintiff

v.

KENTUCKY DEPARTMENT OF CORRECTIONS,
WESTERN REGIONAL TRAINING CENTER, and
LADONNA THOMPSON, COMMISSIONER,                                               Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Kentucky Department of Corrections, Western Regional Training Center, and Ladonna Thompson's Motion to Dismiss. (Docket No. 7). Plaintiff Rosemary Ryan has responded, (Docket No. 10), and Defendants have replied, (Docket No. 13). These matters are now ripe for adjudication. For the following reasons, the Court will **DENY** Defendants' Motion to Dismiss.

### BACKGROUND

Plaintiff Rosemary Ryan was a Corrections Training Instructor at the Western Region Training Center for the Department of Corrections, Division of Training for more than twenty-five years. Ryan initiated this litigation alleging sexual harassment, age discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). She alleges that her supervisor made sexual comments and sent her inappropriate text messages regarding her exposure to a Taser around August of 2011. Around November 2012, Ryan found a letter written by her supervisor's attorney on a work computer; the letter contained confidential and allegedly slanderous information and described Ryan's supervisor's attempts to have Ryan removed from her

1

position. Ryan notified the second line evaluator and the Director of Training. After doing so, she was subjected to "continuous retaliatory actions by her supervisor" as well as a reduction in work duties. (Docket No. 1). Further, Ryan was placed on "medical certification," meaning that she was required to have a physician complete a medical certification sheet each time she was absent from work for medical reasons. *Id.* Finally, she was alleges that she was subjected to comments about her age and was denied a promotion.

Ryan filed four grievances with the Kentucky Personnel Board on March 11, 2013. "The first grievance filed stated plaintiff's grievance for the issuance of medical certification without just cause for alleged abuse of sick leave . . . . The second grievance related to the plaintiff's reprimand of retrieving and violating confidential information from a private attorney letter stored on the state's computer . . . . The third grievance concerned the plaintiff's reprimand for release of confidential information from a private attorney letter creating a libelous letter about Ms. Ryan . . . . The fourth grievance stated breach of the plaintiff's confidentiality the plaintiff's peer was in the same room during a disciplinary matter." (Docket No. 10).

The Deputy Commissioner's Office received the four grievances on April 2, 2013. Ryan appealed the decision to the Kentucky Personnel Board with receipt dated May 22, 2013. Ryan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 11, 2013. Ryan received her Right to Sue letter from the EEOC on February 13, 2014. Ryan states that her grievance appeals were dismissed by the Kentucky Personnel Board on June 18, 2014 "without an evidentiary hearing or final determination." (Docket No. 10).

Defendants bring this Motion to Dismiss, alleging that Ryan's grievances with the Kentucky Personnel Board concerning these incidents raised the same or substantially similar

claims, that they were decided on the merits and dismissed, and that res judicata and collateral estoppel bar her from religitating her claims.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

## DISCUSSION

"State administrative decisions are given preclusive effect with respect to issues later raised in a federal-court lawsuit [w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 (6th Cir 2012); *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797–98 (1986) (internal quotation omitted). "[F]ederal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Elliott*, 478 U.S. at 799. "Administrative preclusion 'is favored as a matter of general policy,' but 'its suitability may vary according to ... the relative adequacy of agency procedures.'" *Herrera*, 680 F.3d at 547 (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 109–10 (1991)). "An administrative board acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and the parties are given an opportunity to seek court review of any adverse findings." *Nelson v. Jefferson County*, 863 F.2d 18, 19 (6th Cir.1988).

Defendants argue that collateral estoppel bars Ryan's claims because her claims and issues were fully litigated before the Kentucky Personnel Board. Plaintiff responds that the issues were not fully litigated, that there was no evidentiary hearing, no witnesses called, and no final determination issued by the Board. She states that the grievances involved violations of Department of Corrections' staff procedure and policy, and did not involve the issues relevant to

4

her Title VII and ADEA claims. Further, she states that she abandoned the claims contained in her grievance appeals.

At this stage of litigation, the Court is required to "presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party." *Se*e *Total Benefits Planning Agency, Inc*., 552 F.3d 430, 434 (6th Cir. 2008). There is no evidence that procedures in the earlier proceedings were sufficient to render these claims barred by collateral estoppel or res judicata. Additionally, Defendants have provided no evidence to show that the claims at issue were actually litigated fully by the Personnel Review Board, and Ryan alleges that they were not. Thus, Defendants' Motion is denied.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, (Docket No. 7), is **DENIED**.