UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-00089-TBR-LLK

ROSEMARY RYAN                                                                           PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS
WESTERN REGIONAL TRAINING CENTER                                 DEFENDANT

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 18). The Court held a telephonic status conference on March 22, 2016. (Docket # 22). Counsel for all parties attended.

The parties informed the Court of a dispute regarding the timing and location of a deposition. Plaintiff planned to depose Colonel Chris Kleymeyer, Director of Operations, Kentucky Department of Corrections, in Eddyville, the location of the training center at which Plaintiff was employed during the relevant period. Colonel Kleymeyer's normal work location is Frankfort. Defendant asked that the deposition take place in Frankfort, which the Court interpreted as an oral Motion for Protective Order. For the reasons described in this opinion and order, the Court grants Defendant's Motion, Defendant's employee may be deposed in Frankfort, and Defendant will make the employee available for that deposition prior to April 29, 2016.

**Background**

Plaintiff filed her complaint in District Court alleging violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. Section 2000e et seq. and Age Discrimination in Employment Act of 1964 (ADEA), including sex discrimination, age discrimination, retaliation, and sexual harassment (Docket # 1). Defendant answered denying the allegations (Docket # 6) and filed a Motion to Dismiss (Docket # 9), which Senior Judge Russell denied (Docket # 14). Judge

1

Russell then issued a Scheduling Order (Docket # 15) which he amended once (Docket # 18) in response to Plaintiff's Motion for an Extension of Time to Complete Discovery (Docket # 16). Plaintiff made an additional filing consisting of a Motion for an Extension of Time to Complete Discovery and a Motion to Compel (Docket # 20) and the undersigned issued an Order suspending the March 1, 2016 discovery deadline, directing the Defendant to respond to all then pending written discovery requests by March 11, 2016, and directing the parties to meet and confer to schedule remaining depositions (Docket # 22).

During a status conference on March 22, 2016, the parties informed the Court that Defendant had provided responses to all written discovery requests that were the subject of Plaintiff's Motion to Compel (Docket # 20). Additionally, the parties informed the Court of a dispute regarding the timing and location of one of the remaining depositions. Plaintiff planned to depose Defendant's employee in Eddyville. Defendant asked that the employee be deposed in his normal work location, Frankfort.

The deposing party generally has the option to choose the location for a deposition. *See* Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 30 (2015). The opposing party may file a motion for a protective order to challenge the location. *Id.* A court may grant the motion on showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c). "The burden of establishing good cause sufficient for the issuance of a protective order rests on the moving party, *i.e.*, Defendant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (per curiam).

While the burden is on the moving party, this Court recognizes that district courts within the Sixth Circuit have developed a body of case law that favors deposing a defendant's employee in the employee's normal location (which in the case of an employee means the employee's normal work location) because the defendant, unlike the plaintiff, did not choose the forum and

is not a voluntary participant in the litigation. Further, if the deposing plaintiff chooses any other location, there is a presumption that good cause exists for a protective order for defendant's employee. *Culver v. Wilson,* No. 3:14–CV–660–CRS–CHL, 2015 WL 1737779, at *3 (W.D.Ky. Apr. 16, 2015). "District courts of the Sixth Circuit have held that a rule has 'evolved' such that 'in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.'" *Id*. (citing *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (S.D.Mich.1987). "The rationale behind this rule is that the plaintiff chose the forum voluntarily, but the defendant is an involuntary participant in the litigation." *Culver*, 2015 WL 1737779 at *3. "The purposes underlying these general rules create a presumption that there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence." *Id*. (citing *Steppe v. Cleverdon,* 2007 U.S. Dist. LEXIS 54154, *5, 2007 WL 6831006 (E.D.Ky.2007) (citing *Chris–Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.,* 184 F.R.D. 605, 607 (N.D.Ill.2009)).

    Plaintiff has proposed a location for the deposition, Eddyville, which is not the employee's normal work location. Defendant, therefore, has a presumption of good cause to receive a protective order to hold the deposition in its employee's normal work location, Frankfort. Additionally, Defendant cited several reasons for moving to have its employee deposed in Frankfort, including time and opportunity cost for travel from Frankfort to Eddyville and a particularly busy workload for the employee between now and the end of discovery.

    Plaintiff has stated that travel time from Eddyville to Frankfort would create the same cost and inconvenience for her as for Defendant's employee. That Plaintiff may be burdened with the same cost and inconvenience as Defendant's employee is not sufficient to rebut the presumption Defendant has in favor of a protective order allowing its employee to be deposed at his normal work location. See *Culver*, *supra*.

IT IS HEREBY ORDERED that Defendant's objection, which this Court interprets as an oral Motion for a Protective Order is **GRANTED,** Defendant's employee, Colonel Chris Kleymeyer, may be deposed in Frankfort, and Defendant will make the employee available for a deposition prior to April 29, 2016.

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Complete Discovery (Docket # 20) is **GRANTED** and the date for the parties to complete all discovery, which had been suspended (Docket # 22), is now set for April 29, 2016.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Docket # 20) is **DENIED** as moot.

IT IS HEREBY ORDERED that all other deadlines in the Amended Scheduling Order (Docket # 18) remain in effect.

c:    Counsel
p:    0.23