**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:14-CV-89-TBR**


ROSEMARY RYAN                                                    Plaintiff

v.

KENTUCKY DEPARTMENT OF CORRECTIONS,
WESTERN REGIONAL TRAINING CENTER,
AND LADONNA THOMPSON, COMMISSIONER                              Defendants


MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Kentucky Department of Corrections, Western Regional Training Center, and Ladonna Thompson's Motion to Dismiss. (Docket No. 24.)  Plaintiff Rosemary Ryan has responded, (Docket No. 26), and Defendants have replied, (Docket No. 30). Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will DENY Defendants' Motion.

Factual Background

Plaintiff Rosemary Ryan was a Corrections Training Instructor at the Western Region Training Center for the Department of Corrections, Division of Training for more than twenty-five years. (Docket No. 1 at 1-2.) Ryan initiated this litigation alleging sexual harassment, sex discrimination, age discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). *Id.* at 5-10. She alleges that her immediate supervisor made sexual comments and sent her inappropriate text messages regarding her exposure to a Taser around August of 2011. *Id.* at 2. After the incident, Ryan filed a sexual

harassment complaint against her immediate supervisor, and she states that as a result, he received a written reprimand for his behavior on or about December 29, 2011. *Id.* at 3.

Additionally, around November 2012, Ryan found a letter written by her supervisor's attorney on a work computer; the letter contained confidential and allegedly slanderous information and described Ryan's supervisor's attempts to have Ryan removed from her position. *Id.* Ryan notified the second line evaluator and the Director of Training. *Id.* After doing so, she was subjected to "continuous retaliatory actions by her supervisor" as well as a reduction in work duties. *Id.* Ryan was also placed on "medical certification," meaning that she was required to have a physician complete a medical certification sheet each time she was absent from work for medical reasons. *Id.* at 4. Finally, she alleges that she was subjected to comments about her age and was denied a promotion. *Id.*

As a result of the aforementioned event, Ryan filed four grievances with the Kentucky Personnel Board on March 11, 2013. (Docket No. 26 at 2-3.)  "The first grievance filed stated plaintiff's grievance for the issuance of medical certification without just cause for alleged abuse of sick leave . . . . The second grievance related to the plaintiff's reprimand of retrieving and violating confidential information from a private attorney letter stored on the state's computer . . . . The third grievance concerned the plaintiff's reprimand for release of confidential information from a private attorney letter creating a libelous letter about Ms. Ryan . . . .  The fourth grievance stated breach of the plaintiff's confidentiality the plaintiff's peer was in the same room during a disciplinary matter." (Docket No. 26 at 2-3.)

The Deputy Commissioner's Office received the four grievances on April 2, 2013. *Id.* at 3. Ryan appealed the decision to the Kentucky Personnel Board with receipt dated May 22, 2013. *Id.* Ryan filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") on June 11, 2013. *Id.* Ryan received her Right to Sue letter from the EEOC on February 13, 2014. *Id.* Ryan states that her grievance appeals were dismissed by the Kentucky Personnel Board on June 18, 2014 "without an evidentiary hearing or final determination." *Id.*

Defendants previously filed a Motion to Dismiss, alleging that Ryan's grievances with the Kentucky Personnel Board raised the same or substantially similar claims and that they were decided on the merits and dismissed, and therefore, res judicata and collateral estoppel bar Ryan from religitating her claims. (Docket No. 9.) This Court denied Defendants' previous Motion to Dismiss as it concluded the following:

> At this stage of litigation, the Court is required to "presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party." *See Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008). There is no evidence that procedures in the earlier proceedings were sufficient to render these claims barred by collateral estoppel or res judicata. Additionally, Defendants have provided no evidence to show that the claims at issue were actually litigated fully by the Personnel Review Board, and Ryan alleges that they were not.

*Ryan v. Kentucky Dep't of Corr.*, No. 5:14-CV-00089-R, 2015 WL 339597, at *3 (W.D. Ky. Jan. 23, 2015). Now, Defendants have filed a second Motion to Dismiss arguing that Ryan has failed to state a claim upon which relief can granted. The Court will analyze Ryan's claims for Sexual Harassment, Sex Discrimination, Age Discrimination, and Retaliation below.

## Legal Standard

As the Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure after filing their answer, their Motion is untimely. *Williams v. State Farm Ins. Co.*, 781 F. Supp. 2d 519, 522 (E.D. Mich. 2011) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the

pleadings . . . must be used"). The Sixth Circuit Court of Appeals has permitted untimely motions to dismiss to be construed as motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). According to established precedent, motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c) are adjudicated using the same standard. *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 704 (W.D. Ky. 2013) (first citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007); then citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007)). Thus, this Court will construe Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) as a Motion for Judgment on the Pleadings pursuant to Rule 12(c).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Sixth Circuit has stated that a Rule 12(c) motion for judgment on the pleadings, "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). "In reviewing the motion, [this Court] must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [her] claim that would entitle [her] to

relief." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)).

Importantly, when reviewing a plaintiff's claims under Title VII or the ADEA, a Court cannot require a plaintiff to plead facts sufficient to establish a *prima facie* case under the *McDonnell Douglas* burden-shifting framework. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)). "In *Swierkiewicz v. Sorema*, the Supreme Court unanimously held that the *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement." *Id.* (citing *Swierkiewicz*, 534 U.S. at 510). "Thus, a plaintiff need not plead facts to support a *prima facie* case under *McDonnell Douglas* in order to survive a motion to dismiss [or a motion for judgment on the pleadings]." *Bargo v. Goodwill Indus. of Kentucky, Inc.*, 969 F. Supp. 2d 819, 823 (E.D. Ky. 2013) (citing *Swierkiewicz*, 534 U.S. at 510). The Supreme Court has concluded that the ordinary rules of notice pleading pursuant to Federal Rule of Civil Procedure 8(a) apply. *Keys*, 684 F.3d at 609 (citing *Swierkiewicz*, 534 U.S. at 514). Under Rule 8(a), Ryan's Complaint must provide "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8. Therefore, "although [Ryan's] Complaint need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that the Defendants discriminated against her because of her sex and age. *Keys*, 684 F.3d at 610 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009)).

Discussion

I.      Claim for Sexual Harassment

In her Complaint, Ryan does not clarify whether she seeks to bring her claim for sexual harassment pursuant to the Kentucky Civil Rights Act ("KRCA") or pursuant to Title VII. However, this does not affect this Court's analysis as precedent is clear that "[a] sexual harassment claim brought under the [KCRA] is to be analyzed in the same manner as a claim brought under Title VII, its federal counterpart." *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 347 (6th Cir. 2005) (citing *Ammerman v. Bd. of Educ. of Nicholas County*, 30 S.W.3d 793, 797-98 (Ky. 2000)).

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).   "A plaintiff may establish a violation of Title VII by proving that the discrimination based on sex created a hostile or abusive work environment." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999) (citations omitted). "Title VII offers employees protection from a workplace permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Berryman v. SuperValu Holdings, Inc.,* 669 F.3d 714, 717 (6th Cir. 2012) (quoting *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 21 (1993)) (internal quotation marks omitted). "But conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment— an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Id.* (quoting *Harris*, 510 U.S. at 21) (internal quotation marks omitted). "Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not

6

actually altered the conditions of the victim's employment, and there is no Title VII violation." *Id.* (quoting *Harris*, 510 U.S at 21–22).

In her Complaint, Ms. Ryan alleges that "[b]eginning on or about August 2011, [her] immediate supervisor subjected [her] to several sexual comments and text messages regarding her exposure to a Taser, referring to a sexual reaction experienced by some females who have been exposed to the Taser" (Docket No. 1 at 2.) She also asserts that her supervisor "engage[d] in conversations involving sexual topics in [her] presence" which made her "uncomfortable." *Id.* at 5. Ryan contends that her supervisor's conduct was "sufficiently severe and pervasive so as to unreasonably interfere with [her] physical health [and] work performance." *Id.* Additionally, according to Ryan, her supervisor's actions created a hostile and offensive work environment. *Id.* As support, Ryan contends that her fellow employees filed written complaints about her supervisor's actions. *Id.* at 6. After reviewing Ryan's factual allegations and considering them all as true, this Court concludes that Ryan's Complaint provides sufficient factual content for this Court to draw the reasonable inference that the Defendants discriminated against her based on her sex and created a hostile or abusive work environment.

## II.     Sex Discrimination

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 390 (6th Cir. 2009) (citing 42 U.S.C. § 2000e-2(a)(1)).

In Ryan's Complaint, she alleges that she applied for a promotion and did not receive it. (Docket No. 1 at 4.)  Ryan also states that she "declined the interview because her [immediate] supervisor was the individual who would be making the decision for the promotion," and he had

stated to other employees that he wanted the "new person to be in the office with him because he didn't want the [new] person to be in the office with [her]." *Id.* Ryan contends that she "had more experience and training than the individual hired for the position." *Id.* Lastly, she alleges that the  Defendants promoted male employees over female employees. *Id.* at 8. After reviewing Ryan's factual allegations and considering them all as true, this Court concludes that Ryan's Complaint provides sufficient factual content for this Court to draw the reasonable inference that the Defendants discriminated against her based on her sex. The Defendants are not clearly entitled to judgment at this stage of litigation.

### III.   Age Discrimination

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623.

In her Complaint, Ryan alleges that the Defendants "discriminated against [her] in the terms, conditions, and privileges of employment in various ways, in substantial part because of her age." (Docket No. 1 at 6.) Ryan states her supervisor repeatedly asked when she planned to retire, and she overheard him tell other employees that she was going to retire soon due to her age. *Id.* at 4. According to Ryan, her supervisor went so far as to ask other employees if they would be interested in her position. *Id.* Lastly, in her Complaint, Ryan alleges that her "[f]ellow employees approached [her] and indicated [that] her supervisor stated that [she would] retire in August [of] 2013" even though she had no intention of retiring for several more years. *Id.* After reviewing Ryan's factual allegations and considering them all as true, this Court concludes that Ryan's Complaint provides sufficient factual content for this Court to draw the reasonable

inference that the Defendants discriminated against her based on her age and, therefore, the Defendants are not clearly entitled to judgment at this time.

IV.     Retaliation

"Title VII of the Civil Rights Act of 1964 contains a potent anti-retaliation provision." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013). The statute states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3.

In her Complaint, Ryan contends that the Defendants "illegally retaliated against [her] by unjustly subjecting her to unjust scrutiny, false allegations of misconduct, and unwelcome and derisive comments solely because she had reported . . . sex discrimination." (Docket No. 1 at 9.) She alleges that since her report of sex discrimination, she has been treated differently than other employees and prevented from attending annual work events that she previously always attended. *Id.* at 3. Furthermore, she states that she was placed on medical certification for the first time in her twenty-five year career. *Id.* at 3-4. Medical certification requires an employee "to have a physician complete a medical certification sheet each time she [is] absent from work for medical reasons." *Id.* at 4. Ryan contends that until her report of sex discrimination, she "had never had any verbal, written, or any other form of comment except for high ratings for use of personal time in her evaluations." *Id.* When Defendants placed the medical certification requirement on Ryan, she alleges that she had approximately 1,100 hours of sick time accumulated. *Id.* Lastly, Ryan claims that her supervisor "repeatedly" told her that it was her fault he received a reprimand for the text messages relating to a Taser and that he blamed her for

9

his not receiving another promotion." *Id.* at 4-5. After reviewing Ryan's factual allegations and considering them all as true, this Court concludes that Ryan's Complaint provides sufficient factual content for this Court to draw the reasonable inference that the Defendants retaliated against her.

Conclusion and Order

The arguments presented in Defendants' Motion for Judgment on the Pleadings are more appropriate for a Motion for Summary Judgment. When considering a Motion for Judgment on the Pleadings, this Court must consider all of Ryan's factual allegations as true and view the Complaint in the light most favorable to her. Having done so, the Court finds that Ryan has pleaded sufficient facts for all of her claims to survive Defendants' Motion for Judgment on the Pleadings. Therefore, Defendants' Motion, (Docket No. 24), is DENIED.

cc: Counsel